IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03092-BNB

CANDACE L. COLLINS,

    Plaintiff,

v.

AGENT JEFFREY RUSSELL, In his Individual and Official Capacity,
CITY AND COUNTY OF DENVER, A Municipality,
CITY OF LAKEWOOD, A Municipality,
AGENT RISENHOOVER, In his Individual and Official Capacity,
AGENT LEVI DESROSIER, In his Individual and Official Capacity,
ROBERT WHITE, In his Official Capacity,
KEVIN PALETTA, In his Official Capacity,
ANDREW TRAVER, In his Official Capacity,
SERGEANT JOEL BELL, In his Individual and Official Capacity,
TFO PAUL BARBEN, In his Individual and Official Capacity,
TFO JAMES ANDERSON, In his Individual and Official Capacity,
SERGEANT AL PADILLA, In his Individual and Official Capacity,
DETECTIVE DANIEL WILEY, In his Individual and Official Capacity,
DETECTIVE GILBERT LUCIO, In his Individual and Official Capacity,
DETECTIVE O'NEIL, In his Individual and Official Capacity,
DETECTIVE AVEDANO, In his Individual and Official Capacity,
1-20 UNKNOWN LAW ENFORCEMENT OFFICERS, IN Their Individual and Official
    Capacities,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Candace L. Collins, resides in Thornton, Colorado. Acting *pro se*, Plaintiff initiated this action by filing a Complaint. The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The general rule that *pro se* pleadings must be construed liberally has limits,

and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court will direct Plaintiff to file an Amended Complaint for the following reasons.

Plaintiff must explain in her Amended Complaint what each defendant did to her, when the defendant did the action, how the action harmed her, and what specific legal right she believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Also, personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Finally, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a **direct causal link** between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis added). Plaintiff cannot state a claim for relief against the City and County of Denver or of the City of Lakewood under § 1983 merely by pointing to isolated incidents. *See Monell* , 436 U.S. at 694. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff shall file an Amended Complaint as directed in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will proceed to review the merits of the Complaint filed on November 14, 2013. It is

DATED November 18, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge