IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03092-WYD-CBS

CANDACE L. COLLINS,
    Plaintiff,
v.

AGENT JEFFREY RUSSELL, in his individual capacity, and
SGT JOEL BELL, in his individual capacity,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRTE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court regarding Plaintiff, Ms. Collins's failure to appear at the Scheduling and Status Conference held on April 22, 2014, failure to respond to the court's May 1, 2014 Order to Plaintiff to Show Cause, failure to comply with court orders and the Federal Rules of Civil Procedure, and failure to prosecute this case. Pursuant to the Order Referring Case dated December 16, 2013 (Doc. # 11), this civil action was referred to the Magistrate Judge. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

    Proceeding *in forma pauperis* and in her *pro se* capacity, Ms. Collins filed her Complaint on November 14, 2013. (*See* Docs. # 1, # 3, # 4). At the court's direction, she filed her Amended Complaint on December 9, 2013. (*See* Docs. # 5, # 6). Ms. Collins alleges a Fourth Amendment violation pursuant to Title 42 U.S.C. § 1983. (*See* Doc. # 6). On December 12, 2013, Senior District Judge Babcock dismissed all of the Defendants from the case, except Defendants Russell and Bell. (*See* Order to Dismiss in Part and to Draw in Part (Doc. # 7)).

1

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, "[i]n any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences . . . ." Fed. R. Civ. P. 16(a). A Preliminary Scheduling Conference was held on February 11, 2014. (*See* Courtroom Minutes/Minute Order (Doc. # 28)). At the Preliminary Scheduling Conference, the court noted that a related criminal case was pending in federal court, *United States v. Raymonde*, Criminal Case No. 11-CR-00490-RBJ. A hearing was scheduled on a motion to suppress in that case, based on the same search that Ms. Collins challenges in her Amended Complaint. (*See* "Motion to Suppress Evidence Obtained During Warr[a]ntless Search of 40 South Fenton Street" (Doc. # 216 in 11-cr-0490-RBJ)).

On February 11, 2014, in Ms. Collins's presence, the court set a further Scheduling and Status Conference for April 1, 2014. (*See* Doc. # 28). By a Minute Order dated March 20, 2014, the court rescheduled the Scheduling and Status Conference to April 22, 2014, due to a continuance of the hearing on the motion to suppress in the related federal criminal case. (*See* Doc. # 263 in 11-cr-0490-RBJ). The court's records indicate that Ms. Collins's copy of the March 20, 2014 Minute Order was not returned to the court in the mail as undeliverable. The court held the Scheduling and Status Conference on April 22, 201. (See Courtroom Minutes/Minute Order (Doc. # 30)). Counsel for Defendants appeared in person. Ms. Collins did not appear and has not contacted the court regarding her failure to appear.[1]

---

[1]   Ms. Collins testified at the suppression hearing held on April 10, 2014 in Courtroom A-902 before District Judge Jackson. (*See* Courtroom Minutes (Doc. # 277) in 11-CR-00490-RBJ). She testified that she married Mr. Raymonde by common law on February 12, 2013. (*See* Order (Doc. # 282) in 11-CR-00490-RBJ). The testimony at the hearing extensively addressed Ms. Collins's conduct during the search on which she bases her Amended Complaint. (*See* Transcripts (Docs. # 280, # 281), Order (Doc. # 282) in

On May 1, 2014, the court issued an order directing Ms. Collins to show cause on or before May 22, 2013 why this civil action should not be dismissed for failure to appear at the April 22, 2014 Scheduling and Status Conference, failure to comply with court orders and the Federal Rules of Civil Procedure, and failure to prosecute this civil action.   (*See* Order to Plaintiff to Show Cause (Doc. # 31)).   *See also* D.C. COLO. LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.");   *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting the court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute).   The court advised Ms. Collins that failure to adequately respond to the Order to Show Cause on or before May 22, 2014 may result in dismissal of this civil action without further notice.   (*See* Doc. # 31).   As of this date Ms. Collins has not responded to the court's Order to Show Cause.   The court's records reflect that Ms. Collins's copy of the Order Show Cause was not returned to the court as undeliverable.

Based on the record, this civil action may be dismissed with or without prejudice. *See, e.g.*, Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders, including those authorized by in Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . .");   D.C. COLO. LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or

---

11-CR-00490-RBJ).   On April 17, District Judge Jackson denied the motion to suppress evidence.   (*See* Doc. # 282) in 11-CR-00490-RBJ).   On April 30, 2014, Mr. Raymonde entered a plea of guilty to Counts 1 and 2 of the Indictment.   (See Courtroom Minutes (Doc. # 287) in 11-CR-00490-RBJ).

without prejudice."); *AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks and citation omitted); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). Here, the court recommends dismissal without prejudice. The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Ms. Collins has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* attempt to identify and apply any limitations periods or tolling provisions applicable to Ms. Collins's Amended Complaint.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for failure to appear at the Scheduling and Status Conference held on April 22, 2014, failure to respond to the court's May 1, 2014 Order to Show Cause, failure to comply

with court orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this civil action.

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);   *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).   A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");   *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);   *Ayala v. United States*, 980 F.2d 1342, 1352 (10th

Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 2nd day of June, 2014.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge